

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN      AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable George H. Shepperd
Comptroller of Public Accounts
Austin, Texas

Dear Sir;               Opinion No. O-4030

                   Re: Does the stock transfer tax levied
                       by Article XV, House Bill 8, Acts,
                       Regular Session 47th Legislature,
                       accrue upon the delivery, in
                       Texas, of shares of stock or a
                       foreign corporation, to the
                       legates under a will or to an heir
                       under statutes of descent end
                       distribution, where the transfer
                       of such stock upon the books of the
                       corporation and all other trans-
                       actions relating thereto, transpired
                       beyond the limits of the State of
                       Texas?

Your letter of September 22, 1941, submits for our opinion the
following question:

     "I would appreciate your official opinion on the
     following question which has been raised by the
     National Association of Securities Dealers, Inc.,
     District Committee No. 6, pertaining to Article 15, of
     House Bill 8, this being the Stock Transfer Tax Law:

         "In case of inheritance of stock in a foreign
         corporation either by will or by the statute of
         descent and distribution, where the transfer is made
         outside the State of Texas, and the only thing done
         inside the State is the delivery of the stock
         certificate to the beneficiary, is the transaction
         taxable?"

A mere delivery, within the State of Texas, of shares or
certificates of stock of a foreign or domestic corporation is
a taxable transaction under the above-cited Stock Transfer
Tax Law, even though all other incidents of the transfer,
that is, the agreement to sell, the sale and the transfer
upon the stock book records of the corporation, all transpire
extrastate. This was our holding in our Opinions No. O-3594

and 0-3713, based upon the plain text of Section 1 of the Act, providing that "there is hereby imposed and levied a tax as hereinafter provided on all sales, agreements to sell, or memoranda of sales, and all deliveries or transfers of shares, or certificates of stocks" etc.

The Act expressly provides and we have heretofore held therefrom, in our Opinion No. 0-4028 to you, that the delivery only in Texas, unaccompanied by any of the other incidents of a stock transfer, of the mere legal or naked title to shares of stock, or certificates therefor, in a foreign corporation, as distinguished from the actual or beneficial ownership thereof, is a taxable event or transaction. This is established, without further argument, by the plain terms of Section 1 of the above-cited Stock Transfer Tax Law, reading as follows:

> "Section 1. There is hereby imposed and levied a tax as hereinafter provided on all sales, agreements to sell, or memoranda of sales, and all deliveries or transfers of shares, or certificates of stock, or certificates for rights to stock, or certificates of deposit representing an interest in or representing certificates made taxable under this Section in any domestic or foreign association, company, or corporation, or certificates of interest in any business conducted by trustee or trustees made after the effective date hereof, whether made upon or shown by the books of the association, company, corporation, or trustee, or by any assignment in blank or by any delivery of any papers or agreement or memorandum or other evidence of sale or transfer or order for or agreement to buy, whether intermediate or final, and whether investing the holder with the beneficial interest in or legal title to such stock or other certificate taxable hereunder, or with the possession or use thereof for any purpose, or to secure the future payment of money or the future transfer of any such stock, or certificate, on each hundred dollars of face value or fraction thereof, three (3) cents, ..." etc. (Underlining ours)

The transfer or delivery of stock by an executor or executrix, to a legatee receiving such stock under a last will and testament, or by a duly qualified and acting administrator to a distributee or heir in instances where the stock is inherited under statutes of descent and distribution, is, in either contingency, the transfer or delivery of the legal title to such stock or certificate, as contradistinguished from the beneficial interest therein or actual ownership thereof, so as to be brought squarely within the incidence of the above tax levy, as indicated by the underlined portions thereof.

Although our conclusion that the delivery in Texas of the shares or certificates of stock of a foreign corporation, under the conditions and circumstances stated in your letter, is a tax

able transaction, may be amply sustained by the bare text of our Stock Transfer Tax Law, it is not amiss to refer to the persuasive construction placed upon substantially identical tax measures of the Federal government and the State of New York, by rules and regulations duly promulgated by the administrative officials of these respective sovereignties.

Article 34, Subdivision (n) of Regulations 71 of the United States Treasury Department regarding sales and transfers of stock (and similar interest) provides, in part, as follows:

> "The following are examples of transactions subject to the tax:
>
> " . . .
>
> "(n) The transfer of stock by an administrator or an executor to the legatee or distributee."

Article XV, (16) of the Information Relating to the Stock Transfer Tax Law issued by the Stock Transfer Tax Bureau of the State of New York, gives, as an example of a taxable transaction, "the transfer of stock by an executor or administrator, whether to trustees, legatees or for other persons".

Under the above considerations, it is our opinion that the delivery, within the State of Texas, of shares or certificates of stock of a foreign corporation, by an executor or executrix to a legatee taking such shares under a will and testament, or by an administrator to an heir or distributee, inheriting such stock under the laws of descent and distribution, would constitute and be a taxable event or transaction, even though such delivery of stock was the only act or thing done within this State, incident or pertaining to the transfer of such shares or certificates.

Trusting the foregoing fully answers your inquiry, we are,

Yours very truly,

ATTORNEY GENERAL OF TEXAS

s/ Pat M. Neff, Jr.

By

PMN:FS/cg

Pat M. Neff, Jr.
Assistant

APPROVED DEC. 19, 1941
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL          APPROVED OPINION COMMITTEE, By BWB,
                                                  Chairman